UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PAUL ERLINGER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00518-JMS-MJD |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

Paul Erlinger pleaded guilty in this Court to being a felon in possession of a firearm and his sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Erlinger now challenges his sentence under 28 U.S.C. § 2255. For the reasons explained below, Erlinger's § 2255 motion is **granted** and Mr. Erlinger is entitled to resentencing.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On April 20, 2018, Erlinger was charged with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Erlinger*, 2:18-cr-13-JMS-CMM-1 ("Crim. Dkt.") Dkt. 23. He petitioned the Court to plead guilty that same day. Crim. Dkt. 29.

At the plea and sentencing hearing, the Court found Erlinger to be an armed career criminal based on his 1991 conviction for Illinois residential burglary, his 1991 Pike County Indiana conviction for burglary, his 2003 Pike County Indiana conviction for dealing in methamphetamine, and his 2003 Pike County Indiana conviction for dealing in a schedule II controlled substance. Crim. Dkt. 67 p. 17-18 (referring to PSR ¶¶ 35, 43, 45, and 46).[1] The Court accepted Erlinger's plea and sentenced him to 180 month's imprisonment. Crim. Dkt. 51.

Erlinger did not appeal and then filed this motion for relief pursuant to 28 U.S.C. § 2255.

## III. Discussion

Erlinger seeks relief from his conviction and sentence arguing that he was denied due process and that his counsel failed to object to the use of his Pike County Indiana burglary conviction and his methamphetamine convictions in finding him to be an armed career criminal. Erlinger also challenges the seizure of his property.

**A. Due Process**

First, Erlinger argues that the government violated his due process rights by failing to file notice of his ACCA predicates and by presenting incorrect information. "Due process requires that

---

[1] While the PSR identified other prior convictions that might support the enhancement, the Court did not rely on those. *Id.*

a defendant receive reasonable notice and an opportunity to be heard regarding a sentence increase for recidivism." *United States v. Hardy*, 52 F.3d 147, 150 (7th Cir. 1995) (citation omitted). And the ACCA does not "require that any notice be given a defendant subject to an increased sentence as an armed career criminal." *Id*. The charging information here indicated that Erlinger had prior felony convictions that made him eligible for a sentencing enhancement under the ACCA. Crim. Dkt. 23 p. 1. In addition, Erlinger's counsel submitted a sentencing memorandum challenging the convictions identified in the PSR as prior convictions supporting enhancement. Crim. Dkt. 49 p. 10. This was enough to provide him notice of the potential for an increased sentence. *See Hardy*, 52 F.3d at 150 (notice to defendant during plea negotiations of the prior convictions that would be used to support sentence enhancement was sufficient to satisfy due process). And, while Erlinger contends the government provided incorrect information, he has not identified how the information was wrong. He therefore has not shown that his due process rights were violated.

**B. ACCA Enhancement**

Erlinger next argues that his counsel was ineffective for failing to object to the use of his Pike County Indiana burglary conviction to support the enhancement of his sentence under the ACCA. He also challenges the use of his conviction for dealing in a controlled substance to support the enhancement of his sentence under the ACCA.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011).

Erlinger argues that counsel failed to challenge the use of his Pike County burglary conviction as a violent felony under the ACCA. The ACCA provides that a defendant, like

3

Erlinger, who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a mandatory minimum fifteen-year sentence. Under the "categorical" approach discussed in *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), "[i]f the elements of the crime of conviction are broader than the elements of the generic version of the offense—that is, if the crime of conviction criminalizes more behavior—then ACCA does not apply." *United States v. Anderson*, 766 F. App'x 377, 380 (7th Cir. 2019) (citing *Mathis,* 136 S.Ct. at 2248). But the Seventh Circuit has held that "Indiana burglary convictions [a]re valid predicate offenses under § 924(e)(2)(B)(ii)." *United States v. Perry*, 862 F.3d 620, 624 (7th Cir. 2017); *United States v. Foster*, 877 F.3d 343 (7th Cir. 2017). Thus, Erlinger's Pike County burglary conviction is a violent felony under the ACCA.

Erlinger also argues that his "attempted possession" conviction does not qualify as a "serious drug offense" in light of *Mathis*. But the Court did not rely on an "attempted possession" conviction in finding Erlinger to be an armed career criminal. The Court did rely on two 2003 Pike County Indiana conviction for dealing in methamphetamine. The United States argues that those convictions remain valid ACCA predicates. But the Seventh Circuit held in *United States v. De La Torre*, 940 F.3d 938, 952 (7th Cir. 2019) that under its plain language, the Indiana statute sweeps broader than the federal definition of methamphetamine and therefore an Indiana convictions for dealing methamphetamine do not qualify as a serious drug offense under the ACCA.

The United States argues that the other convictions identified in the PSR as ACCA predicates are sufficient to support the sentence enhancement even without consideration of the methamphetamine convictions. But, while the Court relied on Erlinger's 1991 Illinois residential burglary conviction, the Seventh Circuit has since held that Illinois residential burglary does not qualify as a violent felony under the ACCA. *See United States v. Glispie*, 978 F.3d 502 (7th Cir.

4

2020). Further, while Erlinger has several convictions for burglary in Dubois County, Indiana, the Court expresslydid not rely on those convictions when it imposed the ACCA enhancement. At Erlinger's resentencing, the parties may present evidence and argument regarding whether those convictions are valid ACCA predicates and whether the Court should rely on them when it had not done so at his original sentencing hearing.

### C. Seizure of Property

Finally, Erlinger claims that his counsel failed to move for return of jewelry that he asserts law enforcement officials seized. The United States argues that no jewelry or money was seized. In reply, Erlinger states that he is "dropping" this claim. Dkt. 18 p. 6. Accordingly, this claim is considered to be withdrawn.

### IV. Conclusion

For the reasons explained in this Order, Erlinger is entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **granted** to the extent that the Judgment entered in the criminal case on October 26, 2018, is **vacated** subject to resentencing. Erlinger shall remain in custody pending resentencing. Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 2:18-cr-13-JMS-CMM-1.** The motion to vacate (Crim. Dkt. 54) shall also be **terminated** in the underlying criminal action. Further orders concerning appointment of counsel and scheduling a case status will be docketed in the criminal case.

**IT IS SO ORDERED.**

Date: 7/12/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

PAUL ERLINGER
15961-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov